Ashley was appointed instead of Harrison and Shelley under the provisional appointments provisions of the Civil Service Act of Dothan, as amended by 1992 Ala. Acts No. 92-442. Section 14(a) of that Act allows a provisional appointment only "[i]n the event the requested number of *Page 359 
eligibles[, three,] cannot be certified to the appointing authority" from "the most appropriate register" of current employees. Section 17 of the same Act allows provisional appointments only "[w]henever in the opinion of the [city's personnel] director it is impossible within a reasonable time to certify eligible persons for appointment to a vacancy in the classified service." In fact, Shelley, Harrison, and a third "eligible" had already been certified from the register, which contained still more "eligibles" as well, before the director and the appointing authority began the provisional appointment process. Thus, their use of the provisional appointment process violated the provisions of the Act.
The hard evidence is that both Harrison and Shelley were fully qualified. In fact, they both ranked far above Ashley even on the general register established to allow consideration of candidates who had not already been employees.
The Civil Service Act of Dothan expressly and specifically restricts the discretion of the City in filling vacancies. The personal preferences of some Dothan officials afford no exception to the statute. Finally, the facts, rules, and procedural postures of the cases interpreting the Mobile County Personnel Board Rules are too different from the facts, rules, and procedural posture of the case before us to serve as precedent for any leeway for the Dothan Personnel Board.